People v Bhardwaj (2022 NY Slip Op 50067(U))

[*1]

People v Bhardwaj (Peeyush)

2022 NY Slip Op 50067(U) [74 Misc 3d 129(A)]

Decided on January 27, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 27, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2020-315 Q CR

The People of the State of New York,
Respondent,
against
Peeyush Bhardwaj, Appellant. 

Randall D. Unger, for appellant.
Queens County District Attorney (Johnnette Traill, Ellen C. Abbot and Jessica Coalter of
counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Karen Gopee, J.), rendered December 11, 2019. The judgment convicted defendant, upon a jury
verdict, of criminal mischief in the fourth degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Following a jury trial, defendant was convicted of criminal mischief in the fourth degree
(Penal Law § 145.00 [1]).
In fulfilling our responsibility to conduct an independent review of the weight of the
evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349
[2007]), we accord great deference to the factfinder's opportunity to view the witnesses, hear
their testimony, observe their demeanor and assess their credibility (see People v Mateo,
2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Weight of the
evidence review requires that the reviewing court determine if an acquittal would not have been
unreasonable, and, if so, the court must weigh the conflicting testimony, review any rational
inferences that may be drawn from the evidence, and evaluate the strength of such conclusions,
to determine whether the trier of fact [*2]was justified in finding
the defendant guilty beyond a reasonable doubt (see People v Danielson, 9 NY3d at 348;
People v Bleakley, 69 NY2d at 495). Contrary to defendant's contention, we are satisfied
that the verdict was not against the weight of the evidence (see People v Romero, 7 NY3d
633, 643-644 [2006]; People v Bleakley, 69 NY2d at 493).
Defendant's contention that he was deprived of a fair trial by the court's failure to give the
jury a missing witness charge is unpreserved for appellate review (see CPL 470.05 [2]),
and we decline to reach the issue.
Defendant's remaining contentions are without merit.
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.

ENTER: 
Paul Kenny
Chief Clerk
Decision Date: January 27, 2022